UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 14-17-HRW

DAVID COPE, PLAINTIFF,

v.

GATEWAY AREA DEVELOPMENT
DISTRICT,
GAIL WRIGHT, individually and her official capacity
as Executive Director of the Gateway Area Development District, Inc.,
and
DEBORAH ANDERSON DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the following dispositive motions:

(1) Defendants Gateway Area Development District and Gail Wright's Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 20] and

(2) Defendant Deborah Anderson's Motion for Summary Judgment [Docket No. 22].

The motions have been fully briefed [Docket No. 23, 24 30]. For the reasons set forth below, the Court finds that Plaintiff has failed a state a clam upon which relief can be granted against these Defendants and that they are entitled to judgment as a matter of law.

I. BACKGROUND

A. RELEVANT ALLEGATIONS IN COMPLAINT AND FIRST AMENDED COMPLAINT

Plaintiff began working as a case worker for Gateway Area Development District in 1989. [Docket No. 19, ¶ 12]. In July 1996, Gateway Area Development District and Gail Wright,

informed Plaintiff that they were terminating his position. Plaintiff was told that he could continue doing the same job as a contract worker, but that he would not receive the benefits associated with employment, such as health insurance, expense reimbursement and retirement benefits. Plaintiff was also told by Defendant Wright that he would likely be reinstated as an "employee" after Gateway Area Development District repaid a debt owed to the state. [Docket No. 19, ¶ 14].

From July 1996 until June 30, 2011, Plaintiff continued to provide case management services for Gateway Area Development District under service agreements. During this period, Plaintiff did not receive any of the benefits Gateway Area Development District provided to its employees [Docket No. 19, ¶ 15].

In 2009, Plaintiff contacted the Internal Revenue Service to provide information regarding his employment with Gateway Area Development District and to request a determination regarding whether or not he was being properly classified as a contract worker. [Docket No. 19, ¶ 16].

In separate letters dated October 20, 2010, Plaintiff and Gateway Area Development District were informed by the IRS that Plaintiff was an "employee" for federal tax purposes and that Gateway Area Development District was liable for employment taxes. [Docket No. 19, ¶ 17].

On July 1, 2011 and upon the termination of Plaintiff's 2010/2011 service agreement, Gail Wright informed Plaintiff that Gateway Area Development District was not going to renew his service agreement and offered him a part-time case manager position, paying $12/hour for up to 20 hours per week and without benefits such as health insurance and

retirement benefits. [Docket No. 19, ¶ 18]. Consequently, Plaintiff accepted a part-time position, at a significant cut in pay [Docket No. 19, ¶ 19].

On September 30, 2011 and because Plaintiff's hour and pay were significantly reduced, Plaintiff filed a lawsuit in Rowan County Circuit Court, Case No. 11-CI-90349, asserting claims for violations of the Kentucky Whistleblower Act (KRS 61.101, et seq.) and KRS 337.010, et seq. [Docket No. 19, ¶ 21].

In August of 2013, a jury trial was held in Rowan Circuit in Case No. 11-CI- 90349, resulting in a judgment for Plaintiff. [Docket No. 19, ¶ 22].

In September 2013, the Kentucky Department of Aging and Independent Living conducted an intensive audit of Gateway Area Development District, including an audit of each and every one of the case files that were being managed by Plaintiff. [Docket No. 19, ¶ 23 ].

Following that audit, by letter dated October 4, 2013, the Commissioner of the Department of Aging and Independent Living, Deborah Anderson, informed Gail Wright that it would no longer approve any funds to support Plaintiff's employment.
[Docket No. 19, ¶ 24 ].

Following the letter from Deborah Anderson, Gail Wright terminated Plaintiff's employment. [Docket No. 19, ¶ 25].

### B. PROCEDURAL HISTORY

Plaintiff filed the instant lawsuit against Gateway Area Development District ("GADD"), Gail Wright in her official capacity as the Executive Director of GADD as well as individually and Deborah Anderson, in her official capacity as the Commissioner of Cabinet for Health and Family Services Department of Aging and Independent Living, alleging violations of

3

Whistleblower Statute, KRS 61.101 et. seq., (Count I), 42 U.S.C. § 1983 (Count II). He amended his Complaint to add a common law claim for wrongful discharge in violation of public policy (Count III).

The claims against Deborah Anderson in her official capacity as the Commissioner of Cabinet for Health and Family Services Department of Aging and Independent Living were dismissed without objection by the Plaintiff [Docket No. 16].

Defendants seek dismissal of all claims asserted against them.

## II. STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See, Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993.) Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States*, 509 Fed.Appx. 436 (6th Cir. 2012) that:

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a
> complaint must contain (1) enough facts to state a claim to relief that is plausible;
> (2) more than a formulaic recitation of a cause of actions'
> elements; and (3) allegations that suggest a right to relief above a speculative
> level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint
> to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation
> omitted) Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

*Estate of Ezra G. Smith*, 509 Fed.Appx. at 439.

Because a motion to dismiss is based solely upon the complaint, the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Roth Steel Prods v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). However, "Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC*, 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted). As the Sixth Circuit stated in *Bishop*:

> [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient. (internal citations omitted) The factual allegations must be enough to raise a right to relief above the speculative level; they must state a claim to relief that is plausible on its face.

*Bishop*, 520 F.3d at 519 (internal citations omitted) (emphasis original). "At the very least, trial and appellate courts should not have to guess at the nature of the claim asserted." *Kafele v. Lerner, Sampson & Rothfuss*, 161 Fed.Appx. 487, 491 (6th Cir. 2005). *See also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988)(holding that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

Summary Judgment pursuant to Rule 56 also tests the sufficiency of Plaintiff's claims, but permits the Court to look beyond the Complaint, or in this case, Amended Complaint and

5

examine the actual proof Plaintiff has garnered in support of his case.

The moving party is entitled to judgment as a matter of law when "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact." Fed.R.Civ.P. 56©. Summary judgment is mandated against a party who has failed to establish an essential element of his or her case after adequate time for discovery. In such a situation, there is no genuine issue of material fact as the failure to prove an essential fact renders all other facts irrelevant. *Celotex v. Cartett*, 477 U.S. 317, 322-323 (1986).

### III. ANALYSIS

#### A. COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST GADD OR WRIGHT.

In Count I, Plaintiff claims his employment was termination in retaliation for filing a complaint with the IRS in 2009 regarding his classification as an independent contractor for income tax purposes [Docket No. 19, §§ 26-33].

KRS § 61.102 prohibits an employer from discriminating against or otherwise retaliating against an employee who makes public certain instances of wrongdoing at the hands of the employer. This type of statute is commonly referred to a "Whistleblower Act" and its purpose "is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information." *Workforce Cabinet v. Gaines*, 276 S.W.3d 789, 792 (Ky. 2008)(citations omitted).

In order to prevail on a Kentucky Whistleblower claim, a plaintiff must prove the following:

> (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Com., Dept. of Military Affairs*, 152 S.W.3d 247, 249 (Ky. App. 2004).

In his First Amended Complaint, Plaintiff sufficiently alleges the first three elements. It is the fourth, and most crucial, element which is not sufficiently plead. The only allegation with respect to this element is his conclusion that he "was subjected to additional retaliatory acts, up to and including termination" after his first whistleblower action was concluded. Plaintiff's statement that he was "subjected to retaliatory acts" is not a factual allegation, but, rather, a conclusory assertion or, to quote *Bishop,* a "legal conclusion masquerading as a factual allegation". The allegation is unsupported by any pleading of facts. Simply labeling the termination of his employment as "retaliatory", without factual allegatrions to substantiate the claim or at least raise an inference that his 2009 complaint to the IRS caused the 2013 termination of his employment.

Moreover, Plaintiff defeats his cause by alleging facts which contradict any such inference. He claims that he made a protected disclosure to the IRS in 2009, was investigated by the Department of Aging and Independent Living ("DAIL")in September 2013 and was discharged from his employment immediately thereafter. The length of time between the protected disclosure and the termination of his employment raises an strong inference that the two are not related. *See e.g. Holley v. Giles County, Tenn.*, 165 F. App'x 447, 452 (6th Cir.

7

2006) (holding that a gap of eleven months between protected activity and an adverse employment action "is a strong indication that the action was not retaliatory") and *Dye v. Office of the Racing Com'n*, 702 F.3d 286, 306 (6th Cir. 2012) ("A lapse of more than two years between the protected activity and the adverse employment action is simply insufficient to show a causal connection based solely on a temporal-proximity theory.").

Further belying any causal connected between Plaintiff's report to the IRS and the loss of his job is the temporal proximity between the September 2013 DAIL investigation, the October 4, 2013 notice that he was found incompetent or unwilling to perform the basic functions of his job the termination of his employment. This chain of events, all within a few weeks, emphatically suggests a causal connection, one that is diametrically opposed to Plaintiff's version of events.

Count I of Plaintiff's First Amended Complaint falls short and is, thus, subject to dismissal.

Moreover, as these Defendants point out, also absent from the First Amended Complaint is an allegation that GADD or Wright influenced or were involved in DAIL's audit of Plaintiff. To the contrary, Plaintiff alleges that DAIL is an independent state agency operated by the Cabinet for Health and Family Services. [Docket No. 19, ¶ 8], and DAIL is headed by a commissioner appointed by the Secretary of the Cabinet for Health and Family Services and approved by the Governor. [Docket No. 19, ¶ 19] . He further alleges that it was DAIL that conducted the investigation, and that it was DAIL and its commissioner who informed GADD that DAIL would not approve any further funds to support his employment. [Docket No. 19, ¶ 23

and 24.] The logical conclusions that can be drawn from these allegations are that DAIL independently investigated Plaintiff and that DAIL independently reached its conclusions regarding his employment. Based upon the allegations in the First Amended Complaint, it would appear that GADD or Wright did not have any involvement in DAIL's investigation or conclusions, and cannot be liable under the Whistleblower Act for acting upon DAIL's instructions.

### B. COUNT II OF THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST GADD OR WRIGHT.

In Count II, Plaintiff claims that he was discharged in retaliation for filing a lawsuit against GADD in 2011 in violation of his First Amendment right to free speech [Docket No. 19, §§ 34-36].

28 U.S.C. § 1983 provides a cause of action for termination in violation of a plaintiff's First Amendment rights where a plaintiff can demonstrate:

> (1) that he was engaged in a constitutionally protected activity; (2) that the defendants' adverse action caused him to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of his constitutional rights.

*Gragg v. Kentucky Cabinet for Workforce Development*, 289 F.3d 958, 965 (6th Cir.2002) (*quoting Vaughn v. Lawrenceburg Power Sys..*, 269 F.3d 703, 715 (6th Cir.2001)).

In *Gragg*, the Sixth Circuit held that speech is protected by the First Amendment "when it addresses a matter of public concern, and the employee's interest in making such statements outweighs the 'interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Id., quoting Bailey v. Floyd Country Bd. of Educ.*,

9

106 F.3d 135, 144 (6th Cir.1997). The United States Supreme Court has held that an employee's speech addresses a matter of public concern when it is "fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983). Further, the court in *Connick* held that:

> when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel a decision taken by a public agency allegedly in reaction to the employee's behavior.

*Id.* at 147.

Also, the *Connick* court held that the determination of whether an employee's speech addresses a matter of public concern is a question of law that "must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147-48.

The lawsuit filed in 2011 alleged that Plaintiff had been deprived employment benefits because he was classified as an independent contractor, and then denied full time employment because he complained about his income tax classification to the IRS. These allegations are personal grievances regarding Plaintiff's wages and job status, not speech which would require the protection of the First Amendment.

Similarly, the Sixth Circuit found that airport officers' filing a lawsuit pursuant to the Fair Labor Standards Act (FLSA) and speaking out against airport authority's actions of demanding a return of pagers from group of officers employed by county airport authority and assigned to specialty units did not involve a matter of public concern. *Adair v. Charter County of Wayne*, 454 F.3d 482, 492 96th. Cir. 2006). *See also, Hodges v. City of Milford*, 918

F.Supp.2d 721, 748 (S.D. Ohio 2013)( "the context [of Plaintiff's speech] was in relation to his personal grievances about not receiving the results of the sergeant's test that he took in November 2008 and not receiving the promotion to sergeant. His motivation in speaking, although not dispositive, was to obtain the results of the test and to obtain an employment promotion. Thus, he was speaking as an employee and not as a public citizen.')

As the prior litigation dealt exclusively with Plaintiff's employment status and wages, it cannot fairly be considered to address a matter of public concern. Therefore, Count II must be dismissed as it pertains to Defendants GADD and Wright.

The Court notes that Plaintiff did not respond to Defendants' arguments as to this claim. Thus it would seem that he does not object to the dismissal of this claim.

### C. DEFENDANT DEBORAH ANDERSON IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNT II OF THE COMPLAINT.

As it pertains to Anderson, the issue presented in Count II is whether her actions in notifying GADD that the state would no longer fund Plaintiff's position violates his rights under the First Amendment. The relationship of Plaintiff's complaint to the IRS and Anderson is, at best, tenuous. Plaintiff's private speech to the IRS about whether he was properly classified by GADD as an employee or as an independent contractor did not criticize Anderson or DAIL. Even if Anderson had reason to know or care about Plaintiff's complaint made to the IRS, this complaint about his own tax status could not be protected speech under prevailing law because it only concerned his own employment status. As discussed above, speech in the context of internal personnel disputes typically does not relate to matters of public concern. Therefore, even if Anderson had been aware of Plaintiff's claims and even assuming her actions were plausibly

11

alleged to be part of a motiveless conspiracy to retaliate and punish Plaintiff, the claim still fails as a matter os law.

### D. COUNT III OF THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST GADD OR WRIGHT.

In Count III of the First Amended Complaint, Plaintiff claims was wrongfully discharged in violation of Kentucky public policy for exercising his right to file a whistleblower claim against GADD. [Docket No. 19, §§ 37-41].

The Kentucky Supreme Court has recognized two situations where an employee can bring a claim for wrongful termination in violation of public policy: (1) where an employee was discharged for failure or refusal to violate a law in the course of employment, and (2) where the employee was discharged exercising of a right conferred by well-established legislative enactment. *See Grzyb v. Evans*, 700 S.W.2d 399, 402 (Ky. 1985). With regard to the latter, the court further explained that this right must be a fundamental and well defined public policy that is evidenced by an existing constitutional or statutory provision. *Id.* at 401. However, the *Grzyb* court specified that wrongful discharge claims are precluded if the statute that creates the public policy also specifies the civil remedy for a violation. *Grzyb*, 700 S.W.2d at 401. This limitation was recently examined by the Western District of Kentucky in *Wiseman v. Whayne Supply Company,* where the Court explained:

> Where a statute or legislative enactment Where a statute or legislative enactment declares an act unlawful *and* specifies the civil remedy available to the aggrieved party, the aggrieved party is bound by the statutory remedy. *See Grzyb*, 700 S.W.2d at 401; *see also Harvey*, 672 F. Supp. at 976. If the statute also provides structure for pursuing the claim, the aggrieved party is limited to that structure. *Harvey v. I.T.W., Inc.*, 672 F. Supp. 973, 976 (W.D. Ky. 1987). In other words, the same statute that could provide the underpinnings of a wrongful discharge claim cannot do so if it also structures the remedy.

359 F. Supp. 2d 579, 591 (W.D. Ky. 2004).

In Count III, the Plaintiff claims that he was discharged for exercising his right to file a whistleblower claim against GADD pursuant to KRS 61.101, et. seq. He then alleges that the whistleblower act creates a well-established public policy permitting him to file suit against GADD for alleged whistleblower violations. Following *Grzyb,* these claims are duplicative and Plaintiff is limited to the remedy made available via the Whistleblower Act. Therefore, Count III of the First Amended Complaint, asserting a claim for wrongful termination in violation of public policy based upon the same conduct as alleged in Count II, must be dismissed.

### E. DEFENDANT DEBORAH ANDERSON IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNT III OF THE COMPLAINT.

Count III of the First Amended Complaint is not viable against Anderson as she did not terminate Plaintiff's employment. Commissioner Anderson could not dismiss Plaintiff because he was not a state government employee. DAIL serves in an oversight function over GADD. Plaintiff worked for GADD. Plaintiff did not work, nor has ever worked for DAIL. Anderson cannot terminate the employment of someone who is not within her employ. Nor can she wrongfully terminate the employment.

## IV. CONCLUSION

There being no claims remaining to be adjudicated, **IT IS HEREBY ORDERED**:

(1) Defendants Gateway Area Development District and Gail Wright's Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 20] be **SUSTAINED**;

(2) Defendant Deborah Anderson's Motion for Summary Judgment be **SUSTAINED**; and

(3) the Complaint, the Amended Complaint and all claims alleged herein be

**DISMISSED WITH PREJUDICE.**

This 25th day of September, 2014.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge