UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 14-17-HRW

DAVID COPE,                                                                             PLAINTIFF,

v.

GATEWAY AREA DEVELOPMENT
DISTRICT, *et al.*,                                          DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's Motion to Alter, Amend, or Vacate the Judgment Entered on September 25, 2014 [Docket No. 34]. The motion has been fully briefed by the parties [Docket Nos. 34-1, 35 and 36]. The Court finds that Plaintiff has failed to assert proper grounds upon which the Court would alter, amend or vacate its judgment.

I.    BACKGROUND

This lawsuit arises from the termination Plaintiff David Cope's employment as a case worker for Defendant Gateway Area Development District. The facts leading up to his termination are set forth in this Court's Memorandum Opinion and Order of September 25, 2014 [Docket No. 32] and need not be reiterated here.

Following the termination of his employment, Plaintiff filed this lawsuit against Gateway Area Development District ("GADD"), Gail Wright in her official capacity as the Executive Director of GADD as well as individually and Deborah Anderson, in her official capacity as the Commissioner of Cabinet for Health and Family Services Department of Aging and Independent Living, alleging violations of Whistleblower Statute, KRS 61.101 et. seq., (Count I), 42 U.S.C. §

1983 (Count II). He subsequently amended his Complaint to add a common law claim for wrongful discharge in violation of public policy (Count III).

The claims against Deborah Anderson in her official capacity as the Commissioner of Cabinet for Health and Family Services Department of Aging and Independent Living were dismissed without objection by the Plaintiff [Docket No. 16].

This Court granted the Defendants' dispositive motions by Memorandum Opinion and Order and final judgment entered on September 25, 2014. It dismissed the claims against GADD and granted summary judgment in favor of Anderson pursuant to Civil Rule 56.

Specifically, this Court held the lack of temporal activity by defendants between when Cope complained to the IRS, plus the results of the audit performed by the state oversight agency, DAIL, rendered it implausible to believe Plaintiff's dismissal for lack of funding by GADD was related to his purported whistle-blower or free speech related actions.

This Court further concluded that Cope's complaints to the IRS about his status as an independent contractor was a personal grievance and therefore not protected speech under the First Amendment to the United States Constitution.

Concerning Count III of the Amended Complaint, this Court held Defendant Anderson was never Plaintiff's employer and therefore could not terminate his employment or be liable for the same.

Plaintiff now asks that the Court reconsider its judgment. The Plaintiff's Motion to Alter, Vacate, or Amend takes issues with the Court's orders on Counts I and III, but does not address Count II. Thus, the only issues now before the Court are whether the Plaintiff has identified sufficient grounds to vacate the Court's Order on Counts I and III. Plaintiff also proposes a new

theory that the Department of Aging and Independent Living (DAIL) was his "employer" under the Kentucky Whistleblower Act because under federal and state law.

## II. STANDARD OF REVIEW

The standard of review on an FRCP 59(e) Motion to Alter, Vacate, or Amend is well established and the standards for reconsideration are necessarily high. There are only three grounds for a district court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997).

"A motion for reconsideration does not serve as 'an opportunity to re-argue a case.'" *Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005), *quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). And a party should not use the motion "to raise arguments which could, and should, have been made before judgment issued." *Id.*

With regard to Plaintiff's desire to, one again, amend his Complaint, federal courts do not typically grant a motion for leave to amend and add a new party or a new legal theory after summary judgment has already been granted dismissing a case. Courts are especially inclined to deny a motion brought under Rule 15 after a judgment has been entered if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them. As the Seventh Circuit recently observed:

> Although this is a liberal standard, under which "leave to amend shall be freely granted when justice so requires," "justice may require something less in postjudgment situations than in pre-judgment situations.

*Doe v. Howe Military School*, 227 F.3d 981, 989 (7th Cir. 2000) (internal quotes omitted).

### III. ANALYSIS

Significantly, in his motion, Plaintiff does not once assert that there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or that the Motion needs to be granted to prevent manifest injustice. Rather, the Plaintiff merely rehashes prior arguments and raises new arguments regarding factual inferences that it now claims the Court should have reached, but which were never previously argued. These are not legitimate grounds for an FRCP 59(e) Motion. Regarding Count I, the Plaintiff first argues that the facts that he filed his Complaint to the IRS in 2009, filed his lawsuit in 2011, and was discharged in 2013 two months after the completion of his lawsuit, are sufficient to state a plausible claim that he was discharged in retaliation for filing the lawsuit. This specific argument was made in the Plaintiff's Response to the Motion to Dismiss, addressed in detail by the Defendants in their Motion and Reply, and properly rejected by this Court.

The Plaintiff's second argument regarding Count I is that the Court should have inferred that DAIL's audit of Mr. Cope was undertaken at GADD's behest to find a reason to justify the termination of Mr. Cope, and that therefore the audit itself could be deemed a retaliatory act by GADD. Significantly, this argument was never previously suggested by Mr. Cope, despite the Defendants having repeatedly pointed out in their Motions to Dismiss that "Mr. Cope does not allege GADD was involved in DAIL's investigation, or that GADD influenced DAIL's findings and conclusions, or that DAIL was ultimately incorrect in finding Mr. Cope incompetent."

4

[Docket No. 4-1, p. 2, 7, 10, and 12; Docket No. 15, p. 3, 4, 9, 10, and 13]. If Mr. Cope had any basis to assert that GADD was behind the DAIL audit, or that the purpose of the audit and its conclusions was to give GADD justification to discharge Mr. Cope, or that the audits conclusions were incorrect or contrived, he had ample opportunity to present this argument in prior responses. Prior to the pending Motion, the Plaintiff did not once suggest that GADD was responsible for the audits, or influenced the findings and conclusions, or that the audit was actually wrong. His failure to previously make these arguments is not grounds to vacate this Court's judgment.

With respect to Count III, the Plaintiff again fails to assert any appropriate basis for relief under FRCP 59(e). The Plaintiff argues that the wrongful termination claim in Count III is a mutually exclusive alternative to Count I that is necessary to protect against the potential determination that retaliating against the employee for filing a Whistleblower Act claim would not by itself be a violation of the Whistleblower Act. The Plaintiff concedes that the Whistleblower Act would preempt his public policy claim if it is a violation of the Whistleblower Act to retaliate against someone for filing a Whistleblower lawsuit, but argues that if it does not violate the Whistleblower Act to retaliate against someone for filing a Whistleblower lawsuit, then such retaliation would give rise to a claim for wrongful termination in violation of public policy. While an interesting theory, it has no practical application in this case and does provide adequate grounds for reconsideration. Moreover, he cites no new law or facts which would call into question this Couyrt's previous findings.

With regard to Plaintiff's new theory of liability against Anderson, it is a little too little, a little too late. Plaintiff had within his quiver, all the facts necessary to plead this claim but simply failed to do so. Rejecting a similar motion for leave to amend post-judgment in *Doe*, the

Seventh Circuit said, "At bottom, the Does wanted another shot in the event their claims were dismissed. But pleading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark." *Id.*, 227 F.3d at 999.

Moreover, Plaintiff's proposed state law whistleblower claim against Anderson in her official capacity as Commissioner of DAIL would be futile and would not survive a motion to dismiss. This Court has already correctly decided DAIL was not Cope's employer and, as such, does not fall within the purview of the Whistleblower statute. The Kentucky Whistleblower Act does not permit someone to file suit against a non-employer oversight agency. Cope's employment with GADD is easily distinguishable from the type of case where a public employee may be deemed to be an employee of a state agency under state funded grant. *See Cabinet for Families and Children v. Cummings*, 163 S.W.3d 425, 429 (Ky.2005). DAIL did not mandate that GADD hire Cope or dismiss Cope. As an Area Development District, potentially funded by several funding sources, GADD could have retained Cope as an employee so long as it did not use federal Older Americans Act funding to pay his salary.

That Plaintiff was inspired to add this claim after his others failed, does not pass Rule 59 muster. It was implausible then and it is remains implausible now.

## IV. CONCLUSION

A Rule 59 motion is not an opportunity to reargue a case or shore up pleading deficiencies which resulted in dismissal, but that is all that Plaintiff seeks to do. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). His arguments are no more availing now that they were in the first instance. The arguments set forth in his motion are

insufficient for this Court to disturb its original ruling.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter, Amend , or Vacate the Judgment Entered on September 25, 2014 [Docket No. 34] be **OVERRULED**.

This 6th day of January, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**