# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT ASHLAND

Eastern District of Kentucky
F I L E D

MAR – 1 2016

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CASE NO. 0:14-cv-00017-HRW**

**DAVID COPE,**                                                                          **PLAINTIFF,**

v.                               __MEMORANDUM OPINION AND ORDER__

**GATEWAY AREA DEVELOPMENT DISTRICT, INC.,**
**GAIL WRIGHT, individually and in her official capacity as the**
**Executive Director of Gateway Area Development District, Inc.,**
**and**
**DEBORAH ANDERSON, in her official capacity as the**
**Commissioner of the Department for Aging and Independent**
**Living of the Kentucky Cabinet for Health and Family Services,**          **DEFENDANTS**.

This matter is before the Court upon Defendant Deborah Anderson's Renewed Motion for Judgment on the Pleadings or Summary Judgment [Docket No. 42] and Plaintiff's Motion to Amend Complaint [Docket No. 46]. The motions have been fully briefed by the parties and for the reasons set forth herein, the Court finds that Defendant Deborah Anderson is immune from suit in her official capacity and that leave to amend is not warranted.

**I.**

This case bears a lengthy procedural history and is currently before this Court on remand from the Sixth Circuit Court of Appeals. To summarize, this lawsuit arises from the termination of Plaintiff's employment as a case manager for Gateway Area Development District, Inc. ("GADD") in October of 2013. A month prior to his termination, the Kentucky Department of Aging and Independent Living ("DAIL"), through its Commissioner Deborah Anderson, conducted an intensive audit of Gateway Area Development District including an audit of the

case files that were being managed by Plaintiff.  Following that audit, by letter dated October 4,
2013, Anderson, informed the Director of GADD, Gail Wright, that it would no longer approve
any funds to support Plaintiff's employment.  Subsequently, Wright terminated Plaintiff's
employment.

Cope instigated this lawsuit, alleging three causes of action[1]. Count I alleges violation of
the Kentucky Whistleblower Act (KRS 61.102) against his  former employer GADD. Anderson
is not named as a defendant for the claims asserted in this count. The undersigned overruled
Cope's post-judgment motion for leave to amend and include Anderson in this claim. Cope did
not appeal that Order.

Count II is a claim under 42 U.S.C. § 1983. This Court granted summary judgment in
favor of Anderson, dismissing the federal civil rights claims against her.  Cope did not appeal, as
to that part of the court judgment.

 Count III of Cope's Amended Complaint is the focus of this renewed motion. In this
count, Cope asserts a common law public policy wrongful discharge tort claim against the
Deborah Anderson in her official or representative capacity as the Commissioner  DAIL.
This Court held Count III was conclusory and implausible. However, a three-judge panel of the
Sixth Circuit Court of Appeals opined that it satisfied the minimal federal pleading standards.
The Sixth Circuit panel observed this Court had not considered the merits of Anderson's
sovereign immunity defense; and it declined to address that issue for the first time on appeal.

Anderson seeks judgment in her favor, arguing that the remaining claim against her is

---

[1]  Cope's original Complaint included two counts, but was amended, upon his motion, to
assert three counts. [Docket No. 18].

2

barred by sovereign immunity and also fails as a matter of law.

## II.

Anderson seeks judgment pursuant to both Rules 12( c) and 56 of the Federal Rules of Civil Procedure. The former permits either party to move for judgment "after the pleadings are closed." F.R.C.P. 12 ( c). The standard of review for a motion for judgment on the pleadings is essentially the same as that for motions to dismiss made [pursuant to Rule 12(b)(6). *See Horen v. Board of Education of Toledo City School District,* 594 F.supp.2d 833, 841 (S.D. Ohio 2009). Rule 56 judgment is appropriate if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. While the motions differ procedurally, for the purposes of the issue before this Court, the distinctions are without a difference. Immunity is a legal conclusion to be determined by the Court, not by a jury.[2]

## III.

Anderson contends that she is immune from the burdens of suit in her official capacity. This Court agrees.

The Eleventh Amendment bars damages claims against state officials sued in their official capacity. See *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to

---

[2] The vexing nature of the distinction between questions of fact and questions of law has been noted on various occasions. *See e.g. Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982) and *Baumgartner v. United States*, 322 U.S. 665, 671 (1944).

3

any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

Cope acknowledges that a state is "ordinarily" immune from suit in federal court, maintaining that such immunity is waived upon removal and that Anderson thus waived her immunity when she removed this matter from Rowan Circuit Court. However, as Anderson points out in her dispositive motion, Cope did not amend and plead Count III of his amended complaint until after the case had already been removed from state court, which necessarily begs the question of how Anderson could have voluntarily waived an immunity defense to Count III by removing the case when that claim had not been pleaded until after the date of removal. Given that any potential waiver of immunity is examined with strict scrutiny, this argument is without merit. *See Sossamon v. Texas*, 563 U.S. 277 (2011).

Even if her 11th Amendment immunity was somehow eradicated by removal, she still enjoys the substantive sovereign immunity recognized by Kentucky. Kentucky's somewhat boarder form of immunity is retained by state agencies, even after a case against them is removed to federal court. "Under the *Erie* doctrine, state rules of immunity govern actions in federal court alleging violations of state law." *Crawford v. Lexington-Fayette Urban County Government*, CIV.A. 06-299-JBC, 2007 WL 101862 *3 (E.D. Ky. Jan. 10, 2007) (quoting, *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 777 (7th Cir. 1991)). In other words, if a state court would find

4

immunity applied, then this Court should do the same.

Under prevailing law that Cope's public policy wrongful discharge claim is barred by sovereign immunity. It is well-settled under Kentucky law that, "when an officer or employee of a governmental agency is sued in her/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). *See also, Morehead v. Barnett*, 2014 WL 2801351 (E.D. Ky. 2014). Anderson is the Commissioner of DAIL. DAIL is a department within the Kentucky Cabinet for Health and Family Services ("CHFS"). CHFS is an alter ego of the Commonwealth of Kentucky. Ergo, suing Anderson in her official capacity, is tantamount to suing her state agency employer, CHFS, which is a suit against the state, which triggers sovereign immunity.

Nor has Cope successfully argues that sovereign immunity has been waived. The Kentucky Constitution provides that immunity cannot be waived, except by legislative action. Ky. Const. § 231; *Commonwealth, Dept. of Highways v. Davidson*, 383 S.W.2d 346, 348 (Ky.1964); *Dept. of Corr. v. Furr*, 23 S.W.3d 615, 616 (Ky. 2000). The undersigned is not aware of any statute in which the Kentucky General Assembly expressed any desire to waive sovereign immunity for public policy wrongful discharge claims against state agencies.

Indeed, this district has declined to perceive a waiver of sovereign immunity in the context of public policy wrongful discharge. *See Morehead v. Barnett*, No. 5:13-329-DCR, 2014 WL 2801351, at *3 (E.D. Ky. June 19, 2014) (applying Kentucky law and rejecting argument advanced for waiver of immunity for public policy wrongful discharge claims). *Accord, Francis v. Marshall*, 684 F. Supp. 2d 897, 912 (E.D. Ky. 2010).

5

As Anderson was sued in her official capacity as a department head within CHFS, sovereign immunity bars the only remaining claim Cope has asserted against Anderson at this time.

## IV.

Cope seeks to amend his Complaint, again, to allege a claim against Anderson in her official capacity under the Kentucky Whistleblower Act. As Anderson quips in her motion, in the words of Yogi Berra, "[i]t's déjà vu all over again."   The undersigned denied an identical motion, seeking the proposed amendment, after the case had been briefed extensively and judgment had been entered against him. In overruling Cope's motion, the undersigned stated:

> With regard to Plaintiff's new theory of liability against Anderson, it is a little too little, a little too late. Plaintiff had within his quiver, all the facts necessary to plead this claim but simply failed to do so. Rejecting a similar motion for leave to
>
> amend post-judgment in *Doe*, the Seventh Circuit said, "At bottom, the Does wanted another shot in the event their claims were dismissed. But pleading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets
>
> one that hits the mark." *Id.*, 227 F.3d at 999.

[Docket No. 37].

In addition, this Court found that Plaintiff's proposed state law whistleblower claim against Anderson in her official capacity as Commissioner of DAIL would be futile and would not survive a motion to dismiss:

6

> This Court has already correctly decided DAIL was
>
> not Cope's employer and, as such, does not fall within the purview of the  Whistleblower statute, The Kentucky Whistleblower Act does not permit someone to file suit against a non-employer oversight agency. Cope's employment with GADD is easily distinguishable from the type of case where a public
>
> employee may be deemed to be an employee of a state agency under state funded grant. See *Cabinet for Families and Children v. Cummings*, 163 S.W.3d 425, 429 (Ky.2005). DAIL did not mandate that GADD hire Cope or dismiss Cope. As an
>
> Area Development District, potentially funded by several funding sources, GADD could have retained Cope as an employee so long as it did not use federal Older Americans Act funding to pay his salary.

*Id.*

The passage of eighteen months has not changed the analysis.  Cope did not appeal the denial of his motion for leave to amend and he has advanced no new arguments for this Court to reconsider its prior ruling.

Moreover, to permit Cope to add new claims, at this late date, would be highly prejudicial.  *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 938 (6th Cir. 2004).  DAIL will be substantially prejudiced if Plaintiff is allowed to plead a new theory of recovery after he litigated and lost.  He now seeks to plead a new theory of recovery twenty months after he first sued Anderson alleging she violated his civil rights or committed the common law tort of wrongful discharge.

This Court is not inclined to permit an amendment that is  untimely, futile and prejudicial.

7

**V.**

Accordingly, **IT IS HEREBY ORDERED**:

(1)    Defendant Deborah Anderson's Renewed Motion for Judgment on the Pleadings or Summary Judgment [Docket No. 42] be **SUSTAINED;** and

(2)    Plaintiff's Motion to Amend Complaint [Docket No. 46] be **OVERRULED.**

This 1st day of March, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

8