UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CASE NO. 0:14-CV-00017-HRW

DAVID COPE,                                                                                      PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

GATEWAY AREA DEVELOPMENT DISTRICT, INC.,
GAIL WRIGHT, individually and in her official capacity as the
Executive Director of Gateway Area Development District, Inc.,
and
DEBORAH ANDERSON, in her official capacity as the
Commissioner of the Department for Aging and Independent
Living of the Kentucky Cabinet for Health and Family Services,       DEFENDANTS.

This matter is before the Court upon Defendants Gateway Area Development, Inc. and Gail Wright's Motion to Enforce Settlement Agreement and Dismiss All Plaintiff's Claims [Docket No. 58]. The motion has been fully briefed by the parties [Docket Nos. 58-1, 59 and 62] and for the reasons stated herein, the Court finds that the settlement agreement is enforceable and, as such, Plaintiff's claim will be dismissed.

I.

The present action arises out of Mr. Cope's termination from employment with Gateway Area Development District, Inc. ("GADD") and subsequent litigation. This lawsuit has traveled a lengthy and tortured path. Ultimately, in a notice filed on March 2, 2016, the parties jointly informed the Court that they had reached a settlement agreement and that they only needed to finalize a release agreement to complete the settlement.

Weeks of negotiating the language of the agreement followed, including revisions of language in the release and inclusion of an indemnification provision. Copies of the emails between counsel are attached to Defendants' motion. The emails confirm they reached a final agreement on the language of the release.

On April 15, 2016, after having had 23 days to consider the release language, Plaintiff's counsel emailed undersigned counsel stating:

> **I actually had a chance to speak with Mr. Cope today and he has agreed to sign the Agreement with a few minor modifications** to Paragraphs 3.1, 4.2, and 4.5. The changes are highlighted below in **BOLD CAPS**. Please make these changes and forward me a revised Agreement, and I will get his signature.

[Docket No. 58-7, Email Exchange between Tony Bucher, counsel for Plaintiff, and D. Barry Stilz, counsel for GADD and Ms. Wright, dated April 15 and 18, 2016] ( emphasis added). Plaintiff's counsel excerpted the language of the agreement his client wished to change and bolded and capitalized the proposed revisions. *Id.* Defendants' counsel responded on April 18, 2016:

> Attached is a revised version of the Release incorporating your last changes. Please let me know when you have the Release signed and will exchange it for the check. Thanks.

*Id.*

As indicated in the email, Defendants' counsel attached a revised version of the Release Agreement, which incorporated the Plaintiff's requested revisions and made no other changes.

2

Despite those assurances, however, the Plaintiff refused to sign the agreement.

Defendants seek entry of an Order enforcing the agreement. In his response to Defendants' motion, Plaintiff does not dispute the existence of an agreement, but asks that the Court insert additional terms into it; terms that are not present in the Release, as written, nor agreed upon by the parties.

## II.

Settlement agreements are essentially a type of contract, and as such, they are subject to contract principles. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 487 (6th Cir.1973). Furthermore, when there is a question regarding the existence of a valid settlement agreement between parties, the substantive law governing contracts generally should be applied. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (reversing district court that failed to apply state contract law in determining the existence of a settlement agreement). Kentucky law is well established regarding what is required to create a valid contract: "The fundamental elements of a valid contract are 'offer and acceptance, full and complete terms, and consideration.'" *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013).

Agreements to settle disputed legal claims are enforceable if they meet the requirements of contracts generally. *See Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W. 3d 381, 384 (Ky. App. 2002). The fact that a party will not execute a written agreement is no bar to its enforcement:

> Where all the substantial terms of a contract have been agreed on and there is of a formal instrument as a convenient memorial or definitive record of the agreement does not leave the transaction

> incomplete and without binding force in the absence of a positive agreement that it should not be binding until so executed.

*Dohrman v. Sullivan*, 220 S.W.2d 973, 975 (Ky. 1949).

### III.

Applying these principles establishes that, in this case, the parties reached an enforceable settlement agreement. The record clearly establishes that the parties filed a joint notice with the Court on March 2, 2016 to inform the Court that they had reached a tentative settlement subject only to "**finalization** of a mutually acceptable settlement agreement." [Docket No. 57] (emphasis added). Thereafter the parties negotiated revisions to the written agreement for several weeks; then Plaintiff took several more weeks to consider those written terms. After having 23 days to review the Release Agreement sent on March 23, 2016, Plaintiff's counsel confirmed, via email to opposing counsel, that Plaintiff would sign the Agreement. Defendants' counsel confirmed that he had accepted all of Plaintiff's proposed changes. At that point, all of the substantial terms of the parties' agreement had been agreed upon and memorialized, leaving here nothing left for future settlement.

Plaintiff did not raise any issue until almost three weeks after his counsel explicitly assured Defendants' counsel that he had spoken with Plaintiff and that Plaintiff agreed to execute the Agreement, with a few modifications, which Defendants included in the Agreement. At that point, both parties expressed assent to the Release Agreement, which now constitutes an enforceable settlement requiring the dismissal of Plaintiff's claims.

Plaintiff does not address the language of his counsel's April 15, 2016 email. Instead, Plaintiff attempts to argue that the fact that Defendants refuse to agree to additional terms serves

as evidence that there was never a "meeting of the minds." Yet, there is nothing in the record which supports his argument. To the contrary, there was a meeting of the minds, as evidenced by the documents detailing months of negotiations.

Furthermore, the Court is not inclined to indulge Plaintiff's implication that a contract may be undone, under the guise of judicial "clarification" of its terms.

### IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Gateway Area Development, Inc. and Gail Wright's Motion to Enforce Settlement Agreement and Dismiss All Plaintiff's Claims [Docket No. 58] be **SUSTAINED** and that this matter be **DISMISSED** and **STRICKEN** from the Docket of this Court.

This 20th day of March, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge